IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLEEN McCARDELL, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-1419 | |
| § | | |
| VERIZON WIRELESS TEXAS, LLC, § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This employment case is before the Court on Plaintiff Colleen McCardell's Motion for Jury Trial ("Motion") [Doc. # 29], to which Defendant Verizon Wireless Texas, LLC ("Verizon") filed a Response [Doc. # 30]. Having reviewed the record and applied governing legal authorities, the Court exercises its discretion to **deny** the Motion.

## **I.   BACKGROUND**

Plaintiff, proceeding *pro se*, filed this employment discrimination lawsuit on May 11, 2009. Plaintiff did not make a jury demand either in her original complaint or within ten days after Defendant filed its Answer on November 4, 2009.

The Court conducted an initial pretrial and scheduling conference on December 18, 2009, at which time Plaintiff was still *pro se*. At two points during the conference, the Court mentioned that there had been no jury demand.

On February 5, 2010, Plaintiff sent an email to defense counsel stating that she intended to exercise her right to a trial by jury and recognized that it would be "at Judge Atlas' discretion." *See* February 5, 2010 Email, Exh. 4-A to Response.

On February 24, 2010, Plaintiff testified during her deposition that she had consulted with attorneys, and had been conducting her own research at a law library and on the Internet.

On March 13, 2010, now represented by counsel, Plaintiff filed the pending Motion for Jury Trial. The Motion has been fully briefed and is ripe for decision.

## II. APPLICABLE LEGAL STANDARD

A party waives its right to a jury trial unless he files a timely and proper jury demand. *See* FED. R. CIV. P. 38(d). In the absence of a proper, timely jury demand, the Court has discretion to order a jury trial if the issues are triable to a jury. *See* FED. R. CIV. P. 39(b). The Court should exercise its discretion in favor of a jury trial unless there are "strong and compelling reasons to the contrary." *See Daniel Intern. Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir. 1990). A Court does not abuse its discretion by denying a Rule 39(b) motion, however, where the failure to file a timely jury demand is the result of mere inadvertence by the moving party. *See Farias v. Bexas County Bd. of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991); *Lewis v. Thigpen,* 767 F.2d 252, 257 (5th Cir. 1985).

In determining whether to allow a jury trial, the Court considers the following five factors:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*See Daniel,* 916 F.2d at 1064.

### III.   ANALYSIS

It is undisputed that a plaintiff may demand a jury in an employment discrimination case. However, it is unclear that the issues are "best" tried to a jury. Indeed, there was originally no right to a jury in Title VII cases. *See, e.g., Irby v. Sullivan*, 737 F.2d 1418, 1429 (5th Cir. 1984).

The deadline for the parties to complete discovery in this case is September 30, 2010. Granting the Motion will not disrupt the Court's schedule, except to the extent that a bench trial can be more easily scheduled and can be completed more quickly than a jury trial. Defendant argues that its schedule will be disrupted by the extra preparation required for a jury trial.

Defendant has asserted that it will be prejudiced if the Motion is granted because it has made tactical and other decisions based on its belief that the case would be tried to the Court. Specifically, Defendant notes that it would have asked different questions during Plaintiff's depositions and would have videotaped those depositions. Defendant asserts that trying this case to a jury will require it to incur additional expenses and will increase the length of the trial.

Plaintiff did not request a jury trial until more than ten months after filing this lawsuit and more than four months after Defendant filed its Answer. Of more concern to the Court is Plaintiff's delay for almost three months after the scheduling conference during which the Court specifically noted that there was no jury demand and that the case would be tried without a jury. Additionally, Plaintiff did not file her motion for a jury trial until more than a month after sending an email to defense counsel stating that she wanted to exercise her right to a jury.

The only reason Plaintiff provides for this lengthy delay is that she was *pro se* and did not understand her rights. Plaintiff's assertion that she did not understand her rights is, to some extent, refuted by the record. Notwithstanding Plaintiff's *pro se* status, the record is clear that Plaintiff was consulting with attorneys, was conducting independent research in law libraries and on the Internet, and was aware that she had not properly demanded a jury. Indeed, by at least February 5, 2010, it is

uncontroverted that Plaintiff knew that she generally had a right to a jury trial and that whether she would be granted permission to exercise that right was within the Court's discretion. Plaintiff's claim of ignorance is not credible, and her explanation for the delay amounts to little more than "mere inadvertence" at best,[1] particularly in light of the length of the delay. *See, e.g., Farias*, 925 F.2d at 873 (Rule 39(b) motion denied where the plaintiff waited six months before making the request); *Varela v. Nat'l Reinsurance Corp.*, 1998 WL 440038 (N.D. Tex. July 22, 1998) (denying Rule 39(b) request for a jury trial where plaintiff waited just under nine months to make the request); *State Street Cap. Corp. v. Gibson Tile, Inc.*, 1998 WL 907027 (N.D. Tex. Oct. 9, 1998) (denying Rule 39(b) motion where defendants waited nine months before requesting a jury because they believed the case was going to settle).

The Court has considered the full record and has evaluated Plaintiff's Motion in light of the five factors relevant to Rule 39(b) motions. The Court concludes that Plaintiff's delay was lengthy and largely unexplained. Plaintiff's protestations of ignorance are refuted by the record and are not credible. The Court also finds that Defendant would be prejudiced if the Motion were granted. The Court finds that a jury trial would increase Defendant's expense in this case, and would require more of

---

[1] Defendant suggests in its Response that Plaintiff's delay may have been tactical and intentional. The Court makes no finding on this suggestion.

the Court's time. Additionally, the Court notes that the employment discrimination issues in this case can be tried equally well by the Court as by a jury. As a result, the Court exercises its discretion to deny Plaintiff's Motion.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Jury Trial [Doc. # 29] is **DENIED**.

SIGNED at Houston, Texas, this **7th** day of **April, 2010**.

Nancy F. Atlas
United States District Judge