## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COLLEEN McCARDELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1419 |
| | § | |
| VERIZON WIRELESS TEXAS, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Colleen McCardell's Motion for Leave
to File Second Amended Complaint ("Motion to Amend") [Doc. # 39].  Defendant
Verizon Wireless Texas, LLC ("Verizon") filed a Response [Doc. # 44], and Plaintiff
filed a Reply [Doc. # 47].  Having reviewed the full record and applied governing
legal authorities, the Court concludes that Plaintiff has not shown good cause as
required by Rule 16 of the Federal Rules of Civil Procedure.  Consequently, the
Motion to Amend is **denied**.

## I.     BACKGROUND

Plaintiff, then proceeding *pro se*, filed this lawsuit on May 11, 2009.  In the
Complaint [Doc. # 1], Plaintiff alleged that her employment with Verizon was
terminated based on national origin discrimination and retaliation for taking leave

under the Family and Medical Leave Act ("FMLA").  Specifically, Plaintiff alleged

that Verizon terminated her employment because she took 3.5 hours of authorized

FMLA leave on July 4, 2008.[1]  Attached to the Complaint is a copy of Plaintiff's

Charge of Discrimination filed with the Equal Employment Opportunity Commission

("EEOC"), in which Plaintiff stated that she had been terminated and retaliated against

for taking FMLA leave and based on her national origin, Jamaican.

On December 18, 2009, the Court conducted an initial pretrial and scheduling

conference, at which Plaintiff appeared *pro se*.  During that conference, after

consultation with Plaintiff and defense counsel, the Court issued a Docket Control

Order [Doc. # 16] establishing a March 15, 2010 deadline for amendments to

pleadings.

On March 4, 2010, Plaintiff's new attorney filed a Notice of Appearance [Doc.

# 27].  On March 13, 2010, Plaintiff's lawyer filed a First Amended Complaint [Doc.

# 28], asserting that Verizon terminated Plaintiff's employment in violation of the

FMLA and Title VII.

On July 16, 2010, more than four months after the deadline for amendments to

pleadings expired, Plaintiff filed her Motion to Amend.  Plaintiff seeks to abandon her

---

[1]     Defendant asserts that Plaintiff's employment was terminated because she was
recorded telling a co-worker several days before July 4, 2008, that she was scheduled
to work on July 4, 2008, but that she intended to take FMLA leave that day.

Title VII claim[2] and to add a claim that Verizon interfered with her FMLA rights by giving her only two days from July 15, 2008, to obtain medical certification for the July 4, 2010 FMLA leave.  The Motion to Amend has been fully briefed and is now ripe for decision.

## II.    RULE 16 STANDARD

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired.  *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir. 2008).  "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'"  *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b).  Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  To determine whether the moving party has established good cause, the Court considers the following four factors:  "(1) the explanation for the failure to

---

[2]        Plaintiff is free to abandon any claim asserted in the First Amended Complaint without filing an amended pleading.

timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

## III.   ANALYSIS

### A.   Explanation for Failure to Amend By Deadline

In the Motion to Amend, Plaintiff asserts that her attorney did not know relevant facts until after Verizon produced documents on April 13, 2010, including what Plaintiff's attorney characterizes as "internal memorandums."  The Court notes that Plaintiff offers no explanation, except that her attorney is a busy sole practitioner, for the failure to request leave to amend or to extend the amendment deadline at any time between the document production on April 13, 2010, and July 16, 2010, when the Motion to Amend was filed.

Moreover, Plaintiff concedes that she has known – since well before she filed the Original Petition and well before her attorney filed the First Amended Complaint on March 13, 2010 – the facts which she now seeks to add through the Second Amended Complaint.  "In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'"

*Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit).

Plaintiff's attorney argues that Plaintiff did not understand fully the legal significance of the facts underlying her proposed FMLA interference claim.  Plaintiff has admitted, however, that she knew the relevant facts as of the date they occurred on July 15, 2008, more than two years before the Motion to Amend was filed.  She was free to include those factual allegations in the Original Complaint, and she certainly had the opportunity to disclose those facts to her lawyer in a timely manner.  Had she done so, her lawyer presumably would have recognized the alleged legal significance of the information and could have included the proposed new FMLA interference claim in the First Amended Complaint.

The Court notes that, at a discovery conference held on July 13, 2010, Plaintiff's counsel repeatedly stated to the Court that Plaintiff's only FMLA claim was based on the termination of Plaintiff's employment.  Plaintiff's attorney had access to his client at least since he filed his Notice of Appearance on January 28, 2010, and had access to Defendants' document production since April 13, 2010.  Nonetheless, Plaintiff's attorney failed to answer fully and completely the Court's questions regarding the nature of Plaintiff's FMLA claim and states in his Reply that he "was not yet prepared to go into it in detail during the discovery conference."  *See* Reply, p. 2.

This factor weighs heavily against allowing the proposed amendment adding a new FMLA claim.  Indeed, Plaintiff's knowledge of the facts before she filed the Original Petition and before her lawyer filed the First Amended Complaint is an adequate basis for the Court to exercise its discretion to deny the Motion to Amend.

### B.   Importance of the Amendment

The proposed amendment adding an FMLA interference claim is, apparently, important to Plaintiff.  Verizon notes, however, that the proposed addition of the new FMLA claim is futile because Plaintiff was allowed to take the FMLA leave she requested.  Citing *Hunt v. Rapides Healthcare Systems, LLC*, Verizon notes that the Fifth Circuit held that if "an employee has received her entitlements under the FMLA,

she does not have an FMLA claim regardless of the quality of the notice that she received." *Hunt*, 277 F.3d 757, 767-68 (5th Cir. 2001); *see also Arismendiz v. Univ. of Tex. at El Paso*, 536 F. Supp. 2d 710, 716 (W.D. Tex. 2008); *McGarity v. Mary Kay Cosmetics*, 1998 WL 50460, *3 (N.D. Tex. Jan. 20, 1998). Although the Court reaches no decision on the merits or viability of Plaintiff's proposed FMLA interference claim at this point, the potential futility of the amendment reduces its importance to Plaintiff.

The "importance" factor weighs slightly in favor of allowing the proposed Second Amended Complaint.

### C.      Potential Prejudice in Allowing the Amendment

Verizon will suffer significant prejudice if Plaintiff is granted leave to amend to add the new claim because it will be required to litigate the validity of that claim, increasing the time and expense required to defend this case. Verizon will also be prejudiced because the discovery deadline expires in less than two months and Verizon has conducted months of discovery based on the allegations in Plaintiff's First Amended Complaint, including two difficult depositions of Plaintiff during which she resisted answering questions asked by Defendant. Verizon should not be required to conduct additional discovery, including redoing discovery already completed, to address a new, untimely claim.

This "prejudice" factor weighs against allowing the Second Amended Complaint to add the FMLA interference claim.

### D.    Availability of Continuance to Cure Prejudice

The prejudice related to litigating the new claim and conducting additional, repetitious discovery cannot be cured by extending the current deadlines.  To the extent the prejudice related to the expiration of the discovery period could be cured by a continuance, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order."  *S&W Enters.*, 315 F.3d at 535 (citations omitted).  The Court in this case exercises that discretion to preserve the integrity of the current Docket Control Order and, therefore, declines to extend the discovery deadline.

## IV.    CONCLUSION AND ORDER

Although the "importance" factor weighs slightly in Plaintiff's favor, the other three factors weigh against allowing the Second Amended Complaint to add the FMLA interference claim. Plaintiff has failed to show good cause for the Court to modify its docket control order and permit the significantly late amendment.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 39] is **DENIED**.

SIGNED at Houston, Texas, this 9th day of **August, 2010**.

Nancy F. Atlas
United States District Judge

9