IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLEEN McCARDELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1419 |
| | § | |
| VERIZON WIRELESS TEXAS, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Reopen [Doc. # 59] filed *pro se* by Plaintiff Colleen McCardell.  Also pending is the Motion to Enforce Settlement Agreement and for Sanctions ("Motion to Enforce Settlement") [Doc. # 61], filed by Defendant Verizon Wireless Texas, LLC ("Verizon") as a separate motion and as a response in opposition to Plaintiff's Motion to Reopen.  The Court scheduled a hearing on Plaintiff's Motion to Reopen.  *See* Order [Doc. # 60].  At the hearing on February 10, 2011, the Court heard the parties' argument on both pending motions.  The Court deferred ruling on the motions to allow time for Plaintiff or her attorney to file a response to Defendant's Motion to Enforce Settlement, but no response was filed.  Having reviewed the record and applied governing legal

authorities, the Court **denies** the Motion to Reopen and **grants** the Motion to Enforce Settlement.

## I.   BACKGROUND

Plaintiff, originally proceeding *pro se*, filed this employment discrimination lawsuit on May 11, 2009.  On March 4, 2010, attorney Syd Phillips filed a Notice of Appearance [Doc. # 27] on behalf of Plaintiff.

The facts relevant to Defendant's Motion to Enforce Settlement are uncontested.  It is undisputed that the case was mediated on January 13, 2011.  It is further undisputed that during the mediation, Plaintiff declined to settle the case.  At the conclusion of the mediation session, Plaintiff signed a written statement that she no longer wanted Phillips to represent her.

At the February 10, 2011 hearing, Plaintiff conceded to the Court on the record that, on January 14, 2011, she contacted Phillips and communicated with him as her legal counsel regarding Verizon's settlement offer.  It is uncontested that Phillips understood that Plaintiff agreed to accept the settlement offer, and so advised Verizon and the Court.  The Court issued a Conditional Dismissal Order [Doc. # 56], allowing the parties until March 14, 2011, to complete the written settlement agreement. During the next several days, Plaintiff communicated with Phillips about the settlement – both by telephone and by text message.

Counsel for Verizon prepared a written settlement agreement and sent it to Phillips for Plaintiff's review and signature.  Plaintiff concedes that she went to Phillips's office to review the written agreement.  Plaintiff noted that the written agreement contained a confidentiality provision to which she had not agreed.  Plaintiff left Phillips's office without signing the draft written agreement.

Plaintiff wrote a letter to the Court dated January 17, 2011 ("Letter") [Doc. # 57].  In that letter, Plaintiff complained about her lawyer, specifically his advice to her during the mediation that she needed to accept Verizon's settlement offer.  At no point in the letter did Plaintiff state that she had not accepted the settlement offer, but she asked the Court "to ensure that [her] case is heard fairly and that it not be discarded."  *See* Letter [Doc. # 57], p. 3.

On January 19, 2011, Verizon's counsel contacted Phillips to ask about the Letter.  Phillips said that Plaintiff sent the Letter without his knowledge, but again confirmed that Plaintiff had accepted Verizon's settlement offer and settled the lawsuit.  Phillips then sent a letter to Verizon's attorney on January 20, 2011, again confirming that Plaintiff authorized him on January 14, 2011, to accept Verizon's settlement offer.  *See* Letter dated January 20, 2011, Exh. A-5 to Motion to Enforce Settlement.  Phillips also stated that Plaintiff understood that his communication of her acceptance to Verizon would be binding.  *See id.*

On January 26, 2011, Plaintiff sent another letter to the Court with the title "Plaintiff's Motion to Re-Open" handwritten at the top of the page. In the letter, Plaintiff stated that "no settlement was reached." *See* Motion to Reopen [Doc. # 59].

On February 8, 2011, Defendant filed its Motion to Enforce Settlement. The Court conducted a hearing on the two motions on February 10, 2011. Because the 21-day time period for Plaintiff to respond to the Motion to Enforce Settlement had not expired, the Court deferred ruling on the motions. The deadline for any response to the Motion to Enforce Settlement expired on March 1, 2011. No response was filed, and the two motions are ripe for decision.[1]

## II.   STANDARD FOR ENFORCING SETTLEMENT

Federal law determines whether a settlement agreement is valid "where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 389 (5th Cir. 1984). Under federal law, settlement agreements are contracts. *Guidry v. Halliburton Geographical Services, Inc.,* 976 F.2d 938, 940 (5th Cir. 1992). A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an

---

[1]     On March 3, 2011, Verizon's attorney filed a Motion for Evidentiary Hearing [Doc. # 63], which is "Agreed as to Form and Substance" by Phillips. Phillips's attempts to contact Plaintiff were unsuccessful and, therefore, it is unknown whether Plaintiff joins in Verizon's request for an Evidentiary Hearing. As is discussed herein, the material facts are uncontested and, consequently, there is no need for an evidentiary hearing to enable the Court to resolve issues of fact. The Motion for Evidentiary Hearing is **denied**.

acceptance.  *See Courtney v. Andersen*, 264 F. App'x 426, 430 (5th Cir. Feb. 1, 2008);

*Lopez v. Kempthorne*, 2010 WL 4639046, *4 (S.D. Tex. Nov. 5, 2010) (citing *Triche*

*v. Louisiana Ins. Guaranty Assoc.,* 2010 WL 891000, *5 (E.D. La. Mar. 5, 2010);

*Turner Marine Fleeting, Inc. v. Quality Fab and Mechanical, Inc.*, 2002 WL

31819199, *4 (E.D. La. Dec. 13, 2002)).  "If a party to a [federal] suit who has

previously authorized a settlement changes his mind when presented with the

settlement documents, that party remains bound by the terms of the agreement."

*Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).

Where, as here, the plaintiff is represented throughout the settlement

negotiations by her attorney of choice, the settlement agreement is presumptively

informed, willing, and valid.  *See Baptist v. City of Kankakee*, 481 F.3d 485, 488, 490

(7th Cir. 2007); *see also Link v. Wabash RR Co.*, 370 U.S. 626, 634 (1962) (noting

that a plaintiff who chooses an attorney to represent him cannot avoid the

consequences of the acts of that attorney).  An attorney of record is "presumed to have

authority to compromise and settle litigation of his client."  *Mid-South Towing*, 733

F.2d at 390 (citations omitted).

III.   **ANALYSIS**

In this case, the record is clear that Phillips reasonably understood that Plaintiff had authorized him to accept Verizon's offer and to settle this lawsuit.   It is uncontested that Phillips so advised Verizon.  Consequently, under clearly established legal precedent, Plaintiff cannot avoid the consequences of Phillips's actions and is bound by the settlement agreement.

The Court notes that Plaintiff discharged Phillips in writing on January 13, 2011.  The undisputed evidence, however, is that Plaintiff contacted Phillips the next day to discuss with him – as her attorney – the settlement offer.  Whether considered a revocation of the January 13, 2011 written discharge statement or a new engagement as her counsel, it is clear from the undisputed evidence that until the end of the mediation session on January 13, 2011, and beginning again on January 14, 2011, Phillips was Plaintiff's chosen counsel of record.  Additionally, at no time during January 2011 did this Court allow Phillips to withdraw as counsel for Plaintiff.

Based on the uncontroverted evidence in this record, the Court concludes that Phillips, as counsel for Plaintiff, reasonably understood that Plaintiff had accepted Verizon's offer to settle this lawsuit.  Phillips communicated that agreement to Verizon.  Although Plaintiff ultimately refused to sign a written settlement agreement, her lawyer's communication of her agreement to defense counsel binds Plaintiff. Defendant's Motion to Enforce Settlement is granted.

The Court notes, however, that Verizon's settlement offer on January 13, 2011 – accepted by Plaintiff through her attorney on January 14, 2011 – did not include a confidentiality agreement.  As a result, the settlement agreement as enforced by the Court does not include the draft confidentiality provision.

## IV.    CONCLUSION AND ORDER

Plaintiff, through her attorney, agreed to settle this lawsuit against Verizon. Under clearly established legal authority, including case law from the United States Supreme Court, Plaintiff is bound by that settlement agreement.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Reopen [Doc. # 59] is **DENIED**.  It is further

**ORDERED** that Defendant's Motion to Enforce Settlement [Doc. # 61] is **GRANTED** and, upon tender of the settlement amount to Plaintiff, this case will be **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the Motion for Evidentiary Hearing [Doc. # 63] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **March, 2011**.

Nancy F. Atlas
United States District Judge